Ex parte Falú, Petitioner and Respondent, and Escalera, Contestant and Appellant.

Appeal from the District Court of San Juan, Section 2, in a proceeding for the partition of property.

No. 1131.—Decided May 29, 1914.

Conjugal Partnership—Liquidation—Partition.—When, as in the present case, there is only one property and it is community property and the spouses had no private property and the conjugal partnership had no liabilities and there is no evidence of any other community property or of any other kind of property belonging to either of the spouses, all that is necessary for liquidating the community property is to partition the said property by giving to the widow the half which belongs to her in the community property and the other half to the heirs of the deceased partner, it not being necessary to give to the widow her usufructuary share when she has waived the same.

The facts are stated in the opinion.

The respondent did not appear.

*Mr. Cayetano Coll y Cuchí* for the appellant.

Mr. Chief Justice Hernández delivered the opinion of the court.

On December 14, 1911, Dominga Falú Cruz, executrix and widow of Félix Escalera who died on October 29, 1885, leaving a will dated February 18 of the same year, petitioned the District Court of San Juan, Section 2, to commission Pedro Falú to make a partition among the interested parties of the estate left by Escalera, and by order of the 18th

of the said month of December the said court made the appointment solicited.

After hearing the widow and other parties interested in the hereditary estate of Félix Escalera, as there was no other property to partition than a piece of real estate situated in the place called Seboruco in the northern section of the ward of Santurce of this city, which according to the title deed had an area of 19 *cuerdas* and 13.50 varas, and according to a survey made, an area of 24.862 *cuerdas*, which property belonged to the conjugal partnership of Dominga Falú Cruz and Félix Escalera, free of lien or encumbrance, the partitioner, Pedro Falú, proceeded to partition the same, awarding to the widow the portions belonging to her as her half of the community property and the other half to the remaining heirs, submitting his report to the consideration of the court.

Only one of the heirs, namely, Bárbara Escalera Falú, objected to the report or plan of partition of the property submitted by the partitioner, alleging that the said report did not contain all of the property left by the testator at his death; that a liquidation of the conjugal partnership was not made in order to determine the true hereditary estate, and that there was no accounting made of the management by the executors during the time of their incumbency.

After a hearing of the parties on the objections, the court, by a decision of July 31, 1912, overruled the said objections and approved the report of the partitioner, Pedro Falú, and the partition of the property and awards as they appeared in the report.

From that decision the attorney for Bárbara Escalera appealed to this court, filing the transcript of the record in the office of the secretary on April 21 last.

The only ground alleged in support of the appeal is that the lower court erred in approving the partition and award of the hereditary estate of Félix Escalera without first ordering a liquidation of the conjugal partnership.

In deciding the case of *Escalera* v. *Falú et al.* (19 P. R. R., 716) on June 17, 1913, we said:

"The liquidation of the conjugal partnership Falú-Escalera, which the plaintiff prays the court to order the widow to make, may be effected when the testamentary settlement of the estate left by Félix Escalera is made, as is the usual practice, and to secure this settlement the plaintiff should proceed according to the Act relating to Special Legal Proceedings, approved March 9, 1905."

Dominga Falú proceeded according to the said act on December 14, 1911, and the transcript of the record shows that in making the testamentary settlement of the estate left by Félix Escalera the liquidation of the conjugal partnership Falú-Escalera was also made, because it was a liquidation of the said partnership to consider as community property the only existing property acquired by Félix Escalera during his wedlock with Dominga Falú and to award half of the value of that property to the widow and distribute the other half among the remaining heirs, the widow having waived her usufructuary share to which she was entitled by law. Nothing else was necessary in the present case for the liquidation of the conjugal partnership property, for it does not appear, nor is it alleged, that there was more conjugal partnership property or any other class of property belonging to either of the spouses, or debts against the conjugal partnership.

"Under liquidation of conjugal partnership property," says Sánchez Román, "are included all the acts necessary to determine whether there exists community property or not and its distribution in equal shares between the two spouses after deducting and restoring to each of them the private property belonging to each, as well as the liabilities chargeable to the community property."

If there was only one property and that was community property and there was no private property or liabilities chargeable to the conjugal partnership, there was nothing

to do but to divide the property in that manner, awarding one-half of the value to the widow as her community share and distributing the other half among the heirs of the deceased spouse, inasmuch as the widow had waived her right to her usufructuary share.

Nor does Bárbara Falú claim to have suffered any damage by reason of the decision appealed from, and we do not see how, under the foregoing conditions, we can reverse the said decision and order the partitioner to make a liquidation of the conjugal partnership Escalera-Falú under the provisions of the Civil Code, as prayed for by the appellant, because, in the circumstances of the case, nothing more could be done than has been done.

For the foregoing reasons the decision appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.